IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| DARREN LUCIANA and JANELLE LUCIANNA, | NO. |
| Plaintiffs, | **SUMMONS** |
| vs. | |
| SB&C, LTD aka SKAGIT BONDED COLLECTORS, LLC and DEBT RECOVERY SPECIALISTS, LLC | |
| Defendants. | |

**TO THE DEFENDANT: SB&C, LTD aka Skagit Bonded Collectors, LLC.**

A lawsuit has been started against you in the above-entitled court by the Plaintiff. This claim is stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and by serving a copy upon the person signing this Summons within twenty (20) days (in state) or sixty (60) days (out of state) after the service of this Summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where a plaintiff is entitled to what has been asked for because you have not responded. If you serve

Summons - 1

Exhibit A
Page 1 of 19

**ANDERSON | SANTIAGO**
207B SUNSET BLVD. N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

a notice of appearance on the undersigned person, you are entitled to a notice before a default judgment may be entered.

If you wish to seek the advice of an attorney on this matter, you should do so promptly so that your written response, if any, may be served on time.

**THIS SUMMONS** is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

Respectfully submitted this 29th day of February, 2024.

ANDERSON SANTIAGO, PLLC

By: _____
T. Tyler Santiago, WSBA No. 46004
Jason D. Anderson, WSBA No. 38014
Attorneys for Plaintiff
207B Sunset Blvd. N.
Renton, WA 98057
(206) 395-2665
(206) 395-2719 (fax)

Summons - 2

Exhibit A
Page 2 of 19

**ANDERSON | SANTIAGO**
207B Sunset Blvd. N.
Renton, WA 98057
(206) 395-2665/F (206) 395-2719

IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| DARREN LUCIANA and JANELLE LUCIANNA,<br><br>Plaintiffs,<br><br>vs.<br><br>SB&C, LTD aka SKAGIT BONDED COLLECTORS, LLC and DEBT RECOVERY SPECIALISTS, LLC<br><br>Defendants. | NO.<br><br>COMPLAINT FOR VIOLATIONS OF 15 U.S.C. § 1692 ET SEQ. AND RCW CHAPTERS 19.16 AND 19.86 ET SEQ. |

COME NOW Plaintiffs Darren and Janelle Lucianna, by and through counsel, who alleges:

### I.  PARTIES AND JURISDICTION

1. Plaintiffs Darren and Janelle Lucianna are a married couple who reside in Washington State.

2. SB&C Ltd aka Skagit Bonded Collectors, LLC ("SB&C"), a Washington Limited Liability Company, WA UBI No. 601584019, is a debt collector and collection agency doing business in Washington who attempted to collect an alleged debt from the Plaintiffs. SB&C's registered agent is Jeannie Englund, located at 1520 E College Way, Mount Vernon, WA 98273.

Complaint - 1

Exhibit A
Page 3 of 19

**ANDERSON | SANTIAGO**
207B SUNSET BLVD. N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

3.      Debt Recovery Specialists, LLC. ("DRS"), a Washington Limited Liability Company, WA UBI No. 601196468, is a debt collector and collection agency doing business in Washington who attempted to collect an alleged debt from the Plaintiffs. DRS – contrary to state licensure requirements – does not have a registered agent according to the Washington Secretary of State.

4.      On information and belief, DRS and SB&C are owned and operated by the same individuals, as they share a physical address, a mailing address, and a governor according to the Washington Secretary of State corporation database.

5.      Jurisdiction over Defendants is proper as Defendants are doing business in Washington State.

## II.   FACTS

### Background

6.      Plaintiff Janelle Luciana is a Special Education teacher and her husband, Darren Lucianna is a botanical consultant.

7.      On October 19, 2012, a collection agency by the name of Debt Recovery Specialists ("DRS") obtained a judgment against Plaintiffs in the amount of $38,543.90, which included interest and costs.

8.      To this date, Plaintiffs do not know why they allegedly owed money. They do not recall being served with a lawsuit, inquiries made to DRS and SB&C about the basis of the debt were rebuffed, and the original district court file has been destroyed.

9.      On March 26, 2018, DRS transcribed the judgment from Snohomish County District Court to Snohomish County Superior Court.

Complaint - 2

Exhibit A
Page 4 of 19

ANDERSON | SANTIAGO
207B SUNSET BLVD. N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

10. After transcribing the judgment, DRS used various means to enforce the judgment, including wage garnishments and an attempt to execute upon Plaintiffs' residence (the writ for which was delivered on Christmas Eve) despite knowledge that it was a homestead (which, fortunately, was unsuccessful).

11. The Luciannas were shocked that someone was trying to take their home, and doubly shocked by the fact that DRS had such a large judgment that had ballooned to almost $70,000 due to the addition of interest.

12. The Luciannas built their home from the ground up, purchasing the land and creating a custom, forever dream home. Plaintiffs plan to allow their children to build homes on their land as well the children transition to adulthood.

**SB&C's Judgment Expired on October 19, 2022**

13. A judgment may be enforced for ten years after entry unless it is extended. RCW 6.17.020.

14. DRS never extended its judgment, and since it was originally entered on October 12, 2012, the judgment was no longer enforceable after October 12, 2022. *Id.*

15. Despite the expiration of the judgment, in January 2023, DRS finalized a garnishment proceeding against Plaintiffs, and by tacitly (and falsely) representing to the court the enforceability of the judgment, DRS ultimately succeeded in obtaining a judgment and order to pay in the amount of $820.25, along with a new award of $367.00 in garnishment costs. A copy of the January 2023 Judgment and Order to Pay is attached as **Exhibit A**.

16. On March 13, 2023, DRS assigned the expired judgment to Defendant SB&C. On information and belief, DRS and SB&C are essentially the same entity, as they share a

Complaint - 3

Exhibit A
Page 5 of 19

**ANDERSON | SANTIAGO**
207B SUNSET BLVD. N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

physical address, a mailing address, and share an officer according to Washington Secretary of State records.

17. In January 2024, SB&C issued a writ of garnishment against Mrs. Lucianna's wages, stating that Plaintiffs still owed over $85,000.00 on the expired judgment, including $37,723.65 in principal, $367.00 in taxable costs and attorney's fees, $46,404.14 in interest, and attempted to assess $372.02 in additional garnishment costs. While it is proper to include estimated garnishment costs, the judgment was expired any assessments were improper. A copy of the January 2024 writ of garnishment is attached as **Exhibit B**.

18. As a result of the Defendant's' actions detailed above, Plaintiffs have incurred expenses in seeking and retaining counsel in connection with ascertaining their legal rights and responsibilities, had wages garnished unlawfully, and have been repeatedly harassed by DRS and SB&C on a debt that they are under no obligation to pay. They have suffered financial uncertainty, unease, and distress caused by Defendants' attempts to collect money. Moreover, Plaintiffs live in constant fear of another attempt to foreclose on their home, even though the judgment has expired.

### III. CAUSES OF ACTION

### GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

19. With respect to the alleged debt, Plaintiffs are consumers as defined by 15 U.S.C. § 1692a(3) and Defendants are debt collectors as defined by 15.S.C. § 1692a(6).

20. With respect to the alleged debt, Plaintiffs are "debtors" as defined by RCW 19.16.100(8) and Defendants are collection agencies as defined by RCW 19.16.100(4).

Complaint - 4

Exhibit A
Page 6 of 19

**ANDERSON | SANTIAGO**
207B Sunset Blvd. N.
Renton, WA 98057
(206) 395-2665/F (206) 395-2719

21. For claims arising under the Fair Debt Collection Practices Act, such claims are assessed using the "least sophisticated debtor" standard. *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007).

## GENERAL ALLEGATIONS APPLICABLE TO CPA CLAIMS

22. Violations of RCW 19.16.250 are per se violations of the Consumer Protection Act ("CPA"), RCW chapter 19.86.[1] *See* RCW 19.16.440. RCW 19.86.090 provides for treble damages (to a limit of $25,000) and attorney's fees.

23. Because RCW Chapter 19.16 is enforced through RCW 19.86 *et seq.*, the below counts alleging violations of RCW Chapter 19.16 are therefore CPA violations.

24. Even minimal or nominal damages constitute "injury" under the CPA. *Panag*, 166 Wn.2d at 57. A plaintiff need not prove any monetary damages at all, as even "unquantifiable damages" may suffice to establish "injury" for purposes of the CPA. *Id.* (citing *Nordstrom, Inc. v. Tampourlos*, 107 Wn.2d 735, 740 (1987)).

### Count 1

25. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e. Additionally, it is a violation to falsely represent the character, amount, or legal status of any debt. § 1692e(2).

26. In addition, a debt collector violates 15 U.S.C. § 1692e(10) if it "use[s] ... any false representation or deceptive means to collect or attempt to collect any debt." *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1104 (9th Cir. 2012).

27. Here, Defendant SB&C made numerous misrepresentations, including:

---

[1] *See Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 53 (2009) ("Consumer debt collection is a highly regulated field. When a violation of debt collection regulations occurs, it constitutes a per se violation of the CPA…").

Complaint - 5

Exhibit A
Page 7 of 19

ANDERSON | SANTIAGO
207B SUNSET BLVD. N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

    a.   Representing that money was owed, via a wage garnishment, when the judgment had expired and money was no longer owed.

    b.   Attempting and succeeding in garnishment of Plaintiffs' wages by representing that an expired judgment was enforceable.

28.   Defendant SB&C therefore violated 15 U.S.C. § 1692e and/or § 1692e(2), e(5), and/or e(10) with each collection attempt.

### Count 2

29.   A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. § 1692f. The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law is unfair and/or unconscionable. 15 U.S.C. § 1692f(1).

30.   Plaintiff realleges the factual allegations of Count 1, *supra.*

31.   Therefore, Defendant SB&C violated 15 U.S.C. § 1692f on numerous occasions.

### Count 3

32.   RCW 19.16.250(21) prohibits attempts by a collection agency to collect amounts in excess of the principal other than allowable interest, collection costs or handling fees expressly authorized by statute.

33.   Here, both Defendants attempted to collect money, via garnishments, that was not owed by representing that an expired judgment was lawfully enforceable. This included principal that was not owed, as well as interest, attorney's fees, and costs.

34.   Defendants therefore violated RCW 19.16.250(21) on numerous occasions.

### Count 4 – CPA Violations

Complaint - 6

Exhibit A
Page 8 of 19

ANDERSON | SANTIAGO
207B SUNSET BLVD. N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

35. The Washington Supreme Court has held that a violation of debt collection status, including the FDCPA, serves as a predicate for a per se Consumer Protection Act Violation as a matter of law. *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 53 (2009); *see also Hoffman v. Transworld Sys., Inc.*, 806 F.App'x 549 (9th Cir. 2020).

36. The FDCPA violations identified *supra* also constitute per se violations of the Washington CPA.

37. Plaintiffs' injuries are stated in paragraph 19, *supra*, and such injuries were caused by Defendants' actions.

38. Thus, Defendants violated the CPA through violations of the FDCPA.

### Request for Injunctive Relief

39. A plaintiff may seek injunctive relief for violations of the Consumer Protection Act. RCW 19.86.090.

40. Plaintiffs seek injunctive relief from this Court which would enjoin Defendants from collecting debts in the manner described above from Plaintiffs and any other person similarly situated. *Scott v. Cingular Wireless*, 160 Wn. 2d 843, 853 (2007).

41. A plaintiff may seek injunctive relief for violations of the Consumer Protection Act. RCW 19.86.090.

42. Plaintiffs do seek injunctive relief from this Court which would enjoin Defendants from collecting debts in the manner described above from Plaintiffs and any other person similarly situated. *Scott v. Cingular Wireless*, 160 Wn. 2d 843, 853 (2007).

43. Plaintiffs seek an injunction prohibiting Defendants from its unlawful collection tactics, including demanding amounts not owed and executing on an expired judgment.

44. Plaintiffs have reason to believe these actions make up a pattern and practice of

Complaint - 7

Exhibit A
Page 9 of 19

ANDERSON | SANTIAGO
207B SUNSET BLVD. N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

behavior and have impacted other individuals similarly situated.

45. Injunctive relief is necessary to prevent further injury to Plaintiffs and to the Washington public as a whole.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray:

1. For Judgment against Defendants for actual damages.

2. For statutory damages of $1,000.00 for FDCPA violations as to SB&C.

3. For statutory damages of $7,500.00 per violation, for Washington Collection Agency Act and Consumer Protection Act violations, per Defendant and per Plaintiff.

4. For treble damages, pursuant to RCW 19.86.090, calculated from the damages determined by the court.

5. For costs and reasonable attorney's fees as determined by the Court pursuant to 15 U.S.C. 1692k(a)(3).

6. For injunctive relief pursuant to RCW 19.86.090 as described above.

Respectfully submitted this 29th day of February, 2024.

ANDERSON SANTIAGO, PLLC

By: _____
T. Tyler Santiago, WSBA No. 46004
Jason D. Anderson, WSBA No. 38014
Attorneys for Plaintiffs
207B Sunset Blvd. N.
Renton, WA 98057
(206) 395-2665
(206) 395-2719 (fax)

Complaint - 8

Exhibit A
Page 10 of 19

ANDERSON | SANTIAGO
207B SUNSET BLVD. N.
RENTON, WA 98057
(206) 395-2665/ F (206) 395-2719

# EXHIBIT A

18 – 2 – 02827 – 31
JDOAGD      31
Judgment on Answer of Garnishee Defendant
13737934

FILED
2023 JAN -9 AM 10: 48
HEIDI PERCY
COUNTY CLERK
SNOHOMISH CO. WASH

ORIGINAL

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF SNOHOMISH

DEBT RECOVERY SPECIALISTS LLC.,

    Plaintiff,

v.s.

DAREN LUCIANNA & JANELLE, LUCIANNA, husband and wife, individually, and as a marital community,

    Defendant/s,

NATIONAL VISION INC.,

    Garnishee.

Case # 18-2-02827-31

JUDGMENT AND ORDER TO PAY

## JUDGMENT SUMMARY

Judgment Creditor:    DEBT RECOVERY SPECIALISTS LLC.
Garnishment Judgment Debtor:    NATIONAL VISION INC
Garnishee Judgment Amount:    $820.25
Costs Judgment Debtor:    JANELLE LUCIANNA
Costs Judgment Amount:    $367.00
Attorney for Judgment Creditor:    John A. Shultz

Page 1

Judgment and Order to Pay
P1055919

John A. Shultz
Attorney for Plaintiff
Debt Recovery Specialists LLC.
1601 William Way, #D
Mount Vernon, WA 98273
360.848.7085

Ex parte

IT APPEARING THAT garnishee was indebted to defendant in the nonexempt amount of $820.25; that at the time the writ of garnishment was issued defendant was employed by or maintained a financial institution account with garnishee, or garnishee had in its possession or control funds, personal property, or effects of defendant; and that plaintiff has incurred recoverable costs and attorney fees of $367.00; now, therefore, it is hereby

ORDERED, ADJUDGED AND DECREED that Plaintiff is awarded judgment against Garnishee, in the amount of $820.25; that plaintiff is awarded judgment against defendant in the amount of $367.00 for recoverable costs; that, if this is a superior court order, garnishee shall pay its judgment amount to plaintiff through the registry of the court, and the clerk of the court shall note receipt thereof and forthwith disburse such payment to plaintiff; that, it this is a district court order, garnishee shall pay its judgment amount to plaintiff directly or through plaintiff's attorney, and if any payment is received by the clerk of the court, the clerk of the court shall forthwith disburse such payment to plaintiff.

Garnishee is advised that the failure to pay its judgment amount may result in execution of the judgment, including garnishment.

DONE this **JAN 0 6 2023** ~~day of December, 2022~~

_____
JUDGE/COURT COMMISSIONER

Presented by:
_____
John A. Shultz / WSBA#42542
Attorney for Plaintiff

Page 2

Judgment and Order to Pay
P1055919

John A. Shultz
Attorney for Plaintiff
Debt Recovery Specialists LLC
1601 William Way, #D
Mount Vernon, WA 98273
360.848.7085

# EXHIBIT B

FILED

2024 JAN 19 PM 3:20

HEIDI PERCY
COUNTY CLERK
SNOHOMISH CO. WASH

18-2-02827-31
WRG         34
Writ of Garnishment
15968049

SNOHOMISH COUNTY SUPERIOR COURT, STATE OF WASHINGTON

DEBT RECOVERY SPECIALISTS LLC

    Plaintiff,

SB&C, LTD aka SKAGIT BONDED COLLECTORS, L.L.C.,
    Assignee of Plaintiff,

vs.

DARREN LUCIANNA & JANELLE LUCIANNA, husband and wife, individually, and as a marital community,
    Defendant(s).

NATIONAL VISION, INC.
    Garnishee

No.: 18-2-02827-31

AFFIDAVIT FOR WRIT OF GARNISHMENT TO FINANCIAL INSTITUTION

STATE OF WASHINGTON ) 
                          ) ss.
COUNTY OF SKAGIT     )

The undersigned, being first duly sworn on oath deposes and says:

1. I am a legal clerk and custodian of the records for SB&C, LTD aka SKAGIT BONDED COLLECTORS, L.L.C.. I make this affidavit in support of Assignee of Plaintiff's application for a Writ of Garnishment.

2. As of this date, 1/16/2024, the above-named defendant is indebted to Assignee of Plaintiff in the amount of $84494.79, on a wholly or partially unsatisfied judgment in the principal amount of $29660.15, plus collection costs and/or treble damages of $0.00, plus court costs and reasonable

AFFIDAVIT OF WRIT         -1-   Exhibit A   JEANNIE ENGLUND, ATTORNEY
#6281462-RAQ                         Page 15 of 19  SB&C Ltd. 360-336-3116
                                            ORIGINAL       P.O. Box 1106
                                                                    Mount Vernon, WA 98273

1  attorney's fees in the amount of $367.00 and interest in the sum of $54467.64.
2  Interest accrues at the rate of 12% per annum.
3      3.  I have good reason to believe and do believe that the garnishee
4  defendant:           NATIONAL VISION, INC.

5  is indebted to the defendant in amounts exceeding those exempted from
6  garnishment by any state or federal law, or that the garnishee defendant has
7  possession or control of personal property or effects belonging to the
8  defendant which are not exempted from garnishment by and state or federal law.
      4.  The garnishee defendant is not the employer of the defendant herein.
9  Assignee of Plaintiff is attempting to collect a debt, and any
10 information obtained will be used for that purpose.
11 I certify and declare under penalty of perjury under the laws of the
12 State of Washington that the foregoing is true and correct.
13

14                              SB&C, LTD aka SKAGIT BONDED
                                COLLECTORS, L.L.C.
15
                           BY: _____
16                              RAQUEL RINCON-GUZMAN

17 ASSIGNEE OF PLAINTIFF'S ADDRESS
   -----------------------------
18 SB&C, LTD aka SKAGIT BONDED COLLECTORS, L.L.C.
   1520 E. COLLEGE WAY
19 P. O. BOX 519
   MOUNT VERNON, WA   98273
20 TELEPHONE:   (360) 336-3116

21

22

23

24

25

AFFIDAVIT OF WRIT                -2-    Exhibit A        JEANNIE ENGLUND, ATTORNEY
                                                         SB&C Ltd. 360-336-3116
#6281462-RAQ                            Page 16 of 19    P.O. Box 1106
                                                         Mount Vernon, WA 98273

SNOHOMISH COUNTY SUPERIOR COURT, STATE OF WASHINGTON

| | |
|---|---|
| DEBT RECOVERY SPECIALISTS LLC<br><br>Plaintiff,<br><br>SB&C, LTD aka SKAGIT BONDED COLLECTORS, L.L.C.,<br><br>Assignee of Plaintiff,<br><br>vs.<br><br>DARREN LUCIANNA & JANELLE LUCIANNA, husband and wife, individually, and as a marital community,<br><br>Defendant(s).<br><br>NATIONAL VISION, INC.<br><br>Garnishee | No.: 18-2-02827-31<br><br>WRIT OF GARNISHMENT FOR SIXTY (60) DAYS CONTINUING LIEN ON EARNINGS & PAYMENTS UNDER CONTRACT<br><br>This garnishment is based on a judgment or order for:<br>[ ] child support.<br>[ ] private student loan debt<br>[X] consumer debt |

THE STATE OF WASHINGTON TO:   NATIONAL VISION, INC.
                              Garnishee

AND TO:   JANELLE LUCIANNA      SS#:   ***-**-6455

The above-named Assignee of Plaintiff has applied for a writ of garnishment against you, claiming that the above-named defendant is indebted to Assignee of Plaintiff and that the amount to be held to satisfy that indebtedness is $85,707.41, consisting of:

| | |
|---|---|
| Balance on Judgment(s) | $37,723.65 |
| Taxable Costs and Attorney Fees: | $    367.00 |
| Interest on Judgment as of 01/16/24: | $46,404.14 |
| Estimated Garnishment Costs: | |
|    Filing Fee                            $20.00 | |
|    Service and Affidavit Fees      $ 0.00 | |
|    Postage and Costs of | |
|    Certified Mail                       $22.02 | |

WRIT OF GARNISHMENT                     -1-               JEANNIE ENGLUND, ATTORNEY
#6281462-RAQ                                                         SB&C Ltd.      360-336-3116
                                                                              P.O. Box 1106
                                                                              Mount Vernon, WA 98273

COPY

```
Garnishment Attorney Fee    $300.00
Exparte Fee                 $ 30.00
  Total Costs                                    $   372.02
Plus Estimated Interest (9.34/day*90 days):      $   840.60
TOTAL                                            $85,707.41
```

THIS IS A WRIT FOR A CONTNIUING LIEN. THE GARNISHEE SHALL HOLD the nonexempt portion of the defendant's earnings due at the time of service of this writ and shall also hold the defendant's nonexempt earnings that accrue through the last payroll period ending on or before SIXTY days after the date of service of this writ. HOWEVER, IF THE GARNISHEE IS PRESENTLY HOLDING THE NONEXEMPT PORTION OF THE DEFENDANT'S EARNINGS UNDER A PREVIOUSLY SERVED WRIT FOR A CONTINUING LIEN, THE GARNISHEE SHALL HOLD UNDER THIS WRIT only the Defendant's nonexempt earnings that accrue from the date the previously served writ or writs terminate and through the last payroll period ending on or before the 60 days after the date of termination of the previous writ or writs. IN EITHER CASE, THE GARNISHEE SHALL STOP WITHOHOLDING WHEN THE SUM WITHHELD EQUALS THE AMOUNT STATED IN THIS WRIT OF GARNISHMENT.

YOU ARE HEREBY COMMANDED, unless otherwise directed by the court, by the attorney of record for the plaintiff, or by this writ, not to pay any debt, whether earnings subject to this garnishment or any other debt, owed to the defendant at the time this writ was served and not to deliver, sell, or transfer, or recognize any sale or transfer of, any personal property or effects of the defendant in your possession or control at the time when this writ was served. Any such payment, delivery, sale, or transfer is void to the extent necessary to satisfy the plaintiff's claim and costs for this writ with interest.

YOU ARE FURTHER COMMANDED to answer this writ according to the instructions in this writ and in the answer forms and, within twenty days after the service of the writ upon you, to mail or deliver the original of such answer to the court, one copy to the plaintiff or the plaintiff's attorney, and one copy to the defendant, at the addresses listed at the bottom of this writ.

If, at the time this writ was served, you owed the defendant any earnings (that is, wages, salary, commission, bonus, tips or other compensation for personal services or any periodic payments pursuant to a nongovernmental pension or retirement program), the defendant is entitled to receive amounts that are exempt from garnishment under federal and state law. You must pay the exempt amounts to the defendant on the day you would customarily pay the compensation or other periodic payment. As more fully explained in the answer, the basic exempt amount is the greater of 75% of disposable earnings or a minimum amount determined by reference to the employee's pay period, to be calculated as provided in the answer.

However, if this writ carries a statement in the heading of "This garnishment is based on a judgment or order for:"
- ☐ "child support," the basic exempt amount is 50 percent of disposable earnings; or
- ☐ "private student loan debt," the basic exempt amount is the greater of 85 percent of disposable earnings or 50 times the minimum hourly wage of the highest minimum wage law in the state at the time the earnings are payable; or

1  ☐         "consumer debt," the basic exempt amount is the greater of 80 percent of disposable earnings or 35 times the state minimum hourly wage.

YOU MAY DEDUCT A PROCESSING FEE FROM THE REMAINDER OF THE EMPLOYEE'S EARNINGS AFTER WITHHOLDING UNDER THIS WRIT. THE PROCESSING FEE MAY NOT EXCEED TWENTY DOLLARS FOR THE FIRST ANSWER AND TEN DOLLARS AT THE TIME YOU SUBMIT THE SECOND ANSWER.

If you owe the defendant a debt payable in money in excess of the amount set forth in the first paragraph of this writ, hold only the amount set forth in the first paragraph and any processing fee, if one is charged, and release all additional funds or property to defendant.

IF YOU FAIL TO ANSWER THIS WRIT AS COMMANDED, A JUDGMENT MAY BE ENTERED AGAINST YOU FOR THE FULL AMOUNT OF THE ASSIGNEE OF PLAINTIFF'S CLAIM AGAINST THE DEFENDANT WITH ACCRUING INTEREST, ATTORNEY FEES, AND COSTS WHETHER OR NOT YOU OWE ANYTHING TO THE DEFENDANT. IF YOU PROPERLY ANSWER THIS WRIT, ANY JUDGMENT AGAINST YOU WILL NOT EXCEED THE AMOUNT OF ANY NONEXEMPT DEBT OR THE VALUE OF ANY NONEXEMPT PROPERTY OR EFFECTS IN YOUR POSSESSION OR CONTROL.

JUDGMENT MAY ALSO BE ENTERED AGAINST THE DEFENDANT FOR COSTS AND FEES INCURRED BY THE ASSIGNEE OF PLAINTIFF.

WITNESS, the Honorable **JUDGE PAUL W. THOMPSON**, Judge of the above-entitled Court, and the seal thereof, this ___ day of **JAN 19 2024**, 2024.

HEIDY PERCY
SNOHOMISH COUNTY CLERK
SNOHOMISH COUNTY SUPERIOR COURT CLERK
3000 ROCKEFELLER AVENUE  m/s 605
EVERETT WA 98201

C. CARR
~~DEPUTY CLERK~~

(SEAL)

~~JEANNIE ENGLUND, WSBA #33548~~
Attorney for Assignee of Plaintiff
P.O. Box 1106
Mount Vernon, WA 98273

Address of the Clerk of the Court:
SNOHOMISH COUNTY SUPERIOR COURT CLERK
3000 ROCKEFELLER AVENUE
EVERETT, WA 98201

Name and Address of the Defendant:
    JANELLE LUCIANNA
    27413 10TH DR NE
    ARLINGTON, WA 98223

---

WRIT OF GARNISHMENT            -3-           JEANNIE ENGLUND, ATTORNEY
                                              SB&C Ltd.       360-336-3116
#6281462-RAQ                  Exhibit A       P.O. Box 1106
                           Page 19 of 19      Mount Vernon, WA 98273