HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARREN LUCIANNA and JANELLE LUCIANNA,<br><br>Plaintiffs,<br><br>v.<br><br>SB&C, LTD aka SKAGIT BONDED COLLECTORS, LLC and DEBT RECOVERY SPECIALISTS, LLC,<br><br>Defendants. | CASE NO. 2:24-cv-00456-RAJ<br><br>ORDER |

## I.   INTRODUCTION

THIS MATTER comes before the Court on Defendants SB&C Ltd aka Skagit Bonded Collectors, LLC ("SB&C") and Debt Recovery Specialists, LLC ("DRS") (collectively, "Defendants")'s Renewed Motion to Dismiss and Alternative Motion to Certify Questions to the Washington Supreme Court. Dkt. # 24. Plaintiffs Darren Lucianna and Janelle Lucianna ("Plaintiffs") filed a Response, to which Defendants replied. Dkt. ## 25, 26.

For the reasons set forth below, the Court **DENIES** Defendants' Renewed Motion to Dismiss and Alternative Motion to Certify Questions to the Washington Supreme Court.

ORDER – 1

## II. BACKGROUND

This case concerns the validity of an attempt to collect a debt and whether there are multiple ways to interpret the specific statute(s) governing the issue. On October 19, 2012, DRS obtained a $38,543.90 judgment against Plaintiffs in Snohomish County District Court. Dkt. # 2-1 at ¶¶ 7, 9. On March 26, 2018, DRS transcribed the judgment to Snohomish County Superior Court. *Id.* at ¶ 9. Following transcription, DRS made multiple attempts to enforce the Superior Court judgment but ultimately could not satisfy the amount owed, which by that time had ballooned to almost $70,000. *Id.* at ¶¶ 10-11. On March 13, 2023, DRS assigned the judgment to SB&C. *Id.* at ¶ 16.

Most recently, SB&C obtained a writ of garnishment against Mrs. Lucianna's wages and claimed Plaintiffs still owed over $85,000 on the judgment. *Id.* at ¶ 17. Plaintiffs now bring claims against Defendants under the Fair Debt Collection Practices Act and the Washington Consumer Protection Act, alleging that the Superior Court judgment expired ten years after entry of the District Court judgment in October of 2012. *Id.* at ¶¶ 25-45. Defendants filed the instant Motion based on their interpretation that the act of transcription to the Superior Court triggers the beginning of a new ten-year period for enforcement of the judgment. Dkt. # 10 at 6.

In a prior Order, the Court noted that its reading of Revised Code of Washington ("RCW") 6.17.020(3) and 4.64.120 would determine whether Defendants could still collect the debt owed by Plaintiffs. Specifically, the Court reasoned:

> The crux of this case hinges on the interpretation of the opening two clauses of RCW 6.17.020(3), which state, "[i]f a district court judgment of this state is transcribed to a superior court of this state, the original district court judgment shall not be extended . . . ." RCW 6.17.020(3). If the transcription of the district court judgment to superior court essentially creates a new judgment, the phrase "the original district court judgment shall not be extended" would not prohibit Defendants from attempting to collect the debt, because the first judgment (in district court) is void, and the ten-year period would begin anew. The Court commenced the preceding sentence with the

ORDER – 2

> qualifier word "if," because that is the question that remains unclear. Does transcription create a new judgment?

Dkt. # 17 at 4.

Another court in this District currently has a case before it focusing on the same issue. In *Mease v. DCS Fin. Inc.*, No. 3:24-cv-05257-DGE-RJB, the court ruled that transcription did not automatically extend the original district court judgment, but it also reasoned that the question remains somewhat unresolved. *See Mease*, 2024 WL 3511279, at *4 ("RCW § 6.17.020(3) is silent on the status of a, say 9 year 10-month old [sic], transcribed district court judgment in the superior court (is it automatically extended or not extended) before an application for an extension is filed and granted.") (W.D. Wash. July 23, 2024).

In *Mease*, there was a pending motion for certification of interlocutory appeal and motion to stay litigation pending appeal. The defendant in *Mease* sought to certify the following questions for interlocutory appeal to the Ninth Circuit: (1) does RCW 6.17.020(3) provide an exception to the rule that a state district court judgment expires 10 years from the date the judgment was entered where the district court judgment has been transcribed to a state superior court? and (2) pursuant to RCW 6.17.020(3), does a state district court judgment that has been transcribed to state superior court expire 10 years from the date that the transcript of the district court judgment was filed in superior court? *See Mease* Dkt. # 26 at 2.

Because of the then-unresolved status of *Mease*, the Court questioned whether it would be in the best interest of the parties to certify similar questions to the Washington Supreme Court. Plaintiffs requested the Court refrain from certification and instead asked it to reserve ruling on the Motion to Dismiss until the decision regarding interlocutory appeal in *Mease*. Dkt. # 18 at 5-6. Conversely, Defendants agreed that certification was appropriate, although their two proposed questions varied slightly from those in *Mease*. Dkt. # 19 at 1-2. Plaintiffs filed suit against Defendants the same month, asserting causes of action for (1) breach of contract, (2) fraudulent concealment, (3) violation of the

ORDER – 3

contractual duty of good faith and fair dealing, and (4) trademark infringement. *Id.* at ¶¶ 24-47. Defendants moved to dismiss Plaintiffs' Complaint for failure to a state a claim upon which relief may be granted. Dkt. # 17. The Court stayed the matter pending the ruling in *Mease* and also found any certification issue premature, as "the ruling on the pending motion for certification of interlocutory appeal in *Mease* [would] assist the Court's interpretation of the aforementioned statues and provide it with sufficient information to rule on the validity of Defendants' attempt to collect Plaintiffs' debt." Dkt. # 20 at 4.

In December, the *Mease* court denied interlocutory appeal and the need to certify questions to the Washington Supreme Court, prompting Defendants to renew their Motion to Dismiss. *Mease* Dkt. # 32.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may also consider evidence subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

ORDER – 4

## IV.  DISCUSSION

**A.   Renewed Motion to Dismiss**

The Court summarily denies Defendants' Renewed Motion to Dismiss, as the opinion in *Mease* denying interlocutory appeal is fatal to their arguments about statutory interpretation.  Given the denial of interlocutory appeal, the Court can turn once again to Judge Bryan's prior order in which he ruled that "DCS's proposed interpretation of § 6.17.020(3) (that by filing a district court judgment to be transcribed in superior court, the judgment is automatically extended for another 10 years) does not square with the remaining provisions of [the statute] . . . ." *Mease* Dkt. # 18 at 9.  Defendants' main argument is that Judge Bryan erred in interpreting the statute; however, his subsequent denial of a motion for reconsideration and the more recent denial of a motion for certification of interlocutory appeal solidifies his reasoning.  Judge Bryan did not mince words when issuing his denial of the motion for reconsideration, offering the following:

> An analysis of the state statutes make [sic] clear that transcription of a state district court judgment to a state superior court does not trigger an automatic extension of the judgment.  An execution extension application must be filed to gain an additional ten years on the enforceability of the judgment . . . [t]here are many reasons to transcribe a district court judgment to a superior court.  The extension of a judgment, however, requires an application, or petition, to the superior court.

*Mease* Dkt. # 21 at 2.

In their last-ditch attempt to persuade this Court that their prolonged and unnecessary delay in attempting to circumvent state law to collect Plaintiffs' debt is lawful, Defendants offer a flawed distinction between *Mease* and the instant matter.  Defendants state their argument is not that the district court judgment was extended, but that transcription created a new judgment in superior court with a separate ten-year enforcement period.  Dkt. # 24 at 6.  Defendants provide no authority to support this claim, and the plain language of RCW 6.17.020(3) makes no mention of a brand new judgment.  To cinch the

ORDER – 5

matter, this argument contradicts common sense. Why would transcription create a new judgment when it does not even extend the judgment? A reasonable person would deduce that if the judgment cannot be extended, it is terminated. The Court concurs with Plaintiffs that if it were to deviate from the *Mease* opinion, punitive situations could arise. For example, a judgment creditor would be able to enforce a judgment for almost thirty years by (1) waiting until the initial judgment is close to expiration, (2) transcribing the judgment to superior court, and (3) choosing to renew the judgment ten years hence, thereby resulting in a 29.9-year enforcement window. The Court will not deviate from the reasoning offered in *Mease*, as Defendants fail to offer any meaningful distinctions.

The Court **DENIES** Defendants' Renewed Motion to Dismiss.

**B.     Alternative Motion to Certify Questions to the Washington Supreme Court**

In the alternative, Defendants move the Court to certify questions to the Washington Supreme Court. These questions have already been addressed by the *Mease* decision. Judge Bryan noted that certification was "without merit, because as explained . . . the statutes are clear when analyzed, and certification to the Washington Supreme Court would be a waste of time and money." *Mease* Dkt. # 21 at 3. Given that the substantive analysis remains the same, the Court **DENIES** Defendants' Alternative Motion to Certify Questions to the Washington Supreme Court.

///
///
///
///
///
///
//
///
///

ORDER – 6

## V. CONCLUSION

Based on the foregoing reasons, the Court **DENIES** Defendants' Renewed Motion to Dismiss and Alternative Motion to Certify Questions to the Washington Supreme Court. Dkt. # 24.

Dated this 25th day of April, 2025.

The Honorable Richard A. Jones
United States District Judge

ORDER – 7