HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARREN LUCIANNA and JANELLE LUCIANNA,<br><br>Plaintiffs,<br><br>v.<br><br>SB&C, LTD aka SKAGIT BONDED COLLECTORS, LLC and DEBT RECOVERY SPECIALISTS, LLC,<br><br>Defendants. | CASE NO. 2:24-cv-00456-RAJ<br><br>ORDER |

## I. INTRODUCTION

This matter comes before the Court on Plaintiffs' Motion for Partial Summary Judgment ("Plaintiffs' Motion," Dkt. # 32), and Defendants' Motion for Partial Summary Judgment ("Defendants' Motion," Dkt. # 40). The Court has reviewed Plaintiffs' Motion and Defendants' Motion (collectively, the "Motions"), the submissions in support of and in opposition to the Motions, the balance of the record, and the governing law. Defendants request oral argument, but the Court finds that oral argument is not necessary to resolve either of the Motions.

For the reasons set forth below, the Court **GRANTS** Plaintiffs' Motion and **DENIES** Defendants' Motion.

## II. BACKGROUND

This case concerns the validity of attempts by Defendants SB&C Ltd aka Skagit Bonded Collectors, LLC ("SB&C") and Debt Recovery Specialists, LLC ("DRS") (collectively, "Defendants") to collect a debt from Plaintiffs over a decade after the issuance of the underlying judgment. On October 19, 2012, DRS obtained a $38,543.90 judgment against Plaintiffs in Snohomish County District Court. Dkt. # 35 at 4–5. In March of 2018, DRS transcribed the judgment to Snohomish County Superior Court. *Id.* at 9–10. On March 13, 2023, after issuing a writ of garnishment against Plaintiffs, DRS assigned the judgment to SB&C. *Id.* at 11–19, 21–22.

Subsequently, in January of 2024, SB&C obtained a writ of garnishment against Mrs. Lucianna's wages and claimed Plaintiffs still owed over $85,000 on the judgment. *Id.* at 26–28. Plaintiffs allege that the Superior Court judgment expired ten years after entry of the District Court judgment in October of 2012. They therefore brought claims against Defendants for violations of the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692e (Count I) and 15 U.S.C. § 1692f (Count 2), the Washington Collection Agency Act ("WCAA") under RCW 19.16.250(21) (Count 3), and the Washington Consumer Protection Act ("CPA"). Dkt. # 2-1 at ¶¶ 25–45. After staying the case pending the adjudication of *Mease v. DCS Fin. Inc.*, No. 3:24-cv-05257-DGE-RJB, the Court ultimately denied Defendants' Renewed Motion to Dismiss, rejecting Defendants' argument that their transcription "created a new judgment in superior court with a separate ten-year enforcement period." *Lucianna v. SB&C, Ltd.*, No. 2:24-CV-00456-RAJ, 2025 WL 1208253, at *3 (W.D. Wash. Apr. 25, 2025).

Plaintiffs now move for summary judgment as to liability only for Counts 1 through 4. Dkt. # 32 at 13. Defendants move for partial summary judgment on Counts I and II, the FDCPA claims. Dkt. # 40.

## III. LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In resolving motions for summary judgment, a court does not make credibility determinations or weigh the evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The court's sole inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52. When multiple parties file simultaneous cross-motions for summary judgment on the same claim, the court "must consider the appropriate evidentiary material identified and submitted in support of both motions, and in opposition to both motions, before ruling on each of them." *Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two*, 249 F.3d 1132, 1134 (9th Cir. 2001).

The party moving for summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. If the movant meets its initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion. *Anderson*, 477

U.S. at 250. A movant's showing of "metaphysical doubt as to the material facts" is insufficient to demonstrate a triable dispute. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Additionally, the court need not "scour the record in search of a genuine issue of triable fact"; rather, the nonmoving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Kennan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). However, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000).

## IV. DISCUSSION

### A. Validity of the October 2012 Judgment

A threshold issue in this action is whether Defendants' October 2012 judgment had expired at the time of the collection efforts giving rise to Plaintiffs' claims. Defendants "do not concede this issue" and continue to argue that "the plain language of [RCW 6.17.020] compels a different result." Dkt. # 36 at 2–3. The Court declines to revisit its decision on this issue, and again adopts the reasoning of the decision in *Mease*. *See Mease v. DCS Fin. Inc.*, 741 F. Supp. 3d 900 (W.D. Wash. 2024), *reconsideration denied*, No. 3:24-CV-05257-DGE-RJB, 2024 WL 4100754 (W.D. Wash. Aug. 7, 2024), *and cert. denied*, No. 3:24-CV-05257-DGE, 2024 WL 5040474 (W.D. Wash. Dec. 9, 2024). Accordingly, the October 19, 2012 judgment against Plaintiffs expired on October 19, 2022.

### B. FDCPA Claims (Counts 1 and 2)

"Congress enacted the FDCPA to protect consumers from improper conduct and illegitimate collection practices without imposing unnecessary restrictions on ethical debt collectors." *Clark v. Capital Credit & Collection Srvs.*, 460 F.3d 1162, 1169–70 (9th

Cir. 2006) (citation modified). The FDCPA is a strict liability statute, meaning that a plaintiff only needs to show that a debt collector violated the statute, not that the violation was knowing or intentional. *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011); Clark, 460 F.3d at 1175–76. The FDCPA is also a remedial statute and is construed liberally in favor of the consumer. *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1118 (9th Cir. 2014).

Plaintiffs claim that Defendants violated § 1692e, which prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," including misrepresentation of the "character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2). They also assert that Defendants violated § 1692f, which prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. This includes "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

To determine whether a violation occurred, the debt collector's actions are assessed under the "least sophisticated debtor" standard. *McCollough*, 637 F.3d at 952. This standard is objective and considers whether "the least sophisticated debtor would likely be misled" by the debt collector's conduct. *Swanson v. S. Or. Credit Serv., Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988). The standard is lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Tourgeman*, 755 F.3d at 1119 (internal quotation marks and citations omitted). While the "least sophisticated debtor may be uninformed, naive, and gullible," their interpretation of a debt collector's action "cannot be bizarre or unreasonable." *Id.*

a. Prima Facie Liability

As previously discussed, Defendants' October 19, 2012 judgment against Plaintiffs expired on October 19, 2022. While Defendants assert, in conclusory fashion, that "Plaintiffs' recitation of the fact contains many irrelevant and disputed allegations" and "[t]he facts as laid out by Plaintiffs are not material to claims before the Court," they do not dispute that they "made attempts to collect on the judgment from 2022-2024." Dkt. # 36 at 2. Nor do they dispute the authenticity of the evidence submitted by Plaintiffs, which the Court finds to be material. *See generally id.*[1]

Specifically, the record demonstrates that, after the expiration of the judgment in October 2022, Defendants issued a writ of garnishment in January 2024 assessing over $46,400 in interest on the judgment "as of 01/16/2024." Dkt. # 35 at 26. The writ also estimates 90-day interest. *Id.* This communication alone is "genuinely misleading" as to the "character," "amount," and "legal status" of the debt. 15 U.S.C. § 1692e(2). The record further demonstrates that Defendants made multiple "attempt[s] to collect" on the judgment after its October 2022, including through the March 17, 2023 assignment of the judgment from DRS to SB&C and the January 2024 writ of garnishment. Dkt. # 35 at 20–28. Indeed, as noted, Defendants themselves acknowledge that they attempted to collect on the judgment from 2022 to 2024. Dkt. # 36 at 2; Dkt. # 40 at 4.

---

[1] Defendants argued in their response to Plaintiffs' Motion that the Court defer consideration or deny Plaintiffs' Motion because it was filed prior to the November 17, 2025 discovery deadline and contained "disputed allegations that have yet to be tested in discovery." Dkt. # 36 at 1. However, Defendants' Motion, which was subsequently filed after the close of discovery, does not present new evidence of material disputed facts. *See generally* Dkt. ## 40–41.

a. <u>Bona Fide Error Defense</u>

Defendants argue that Plaintiffs' Motion should be denied as to Counts I and II, and Defendants' Motion should be granted, because Defendants are entitled to the bona fide error defense. Dkt. # 36 at 4–7; Dkt. # 40. While the FDCPA imposes strict liability for violations that are not knowing or intentional, it provides a "narrow exception" for *bona fide* errors. *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1005 (9th Cir. 2008). A defendant asserting this defense must satisfy its burden of establishing that: "(1) it violated the FDCPA unintentionally; (2) the violation resulted from a bona fide error; and (3) it maintained procedures reasonably adapted to avoid the violation." *McCollough*, 637 F.3d 939 at 948.

In support of the first and second elements, Defendants argue that the violations were "clearly unintentional and the result of a bona fide error," based on their "subjective belief at all relevant times that, under RCW 6.17.020, the judgment was not expired and would not expire until March of 2028." Dkt. # 36 at 5. In support of this argument, Defendants submit a notice from the Snohomish County Clerk's Office returning their motion for extension of judgment in another case shortly because a transcript had been filed with Superior Court several years earlier, purportedly re-starting the 10-year clock. Dkt. ## 38-1 at 2–3. However, as Plaintiffs note, this evidence suggests that Defendants knew of their obligation to move to extend the judgment prior to its expiration (even where a transcript had already been filed), and had done so in other cases. Dkt. # 39 at 8. The form notice received from the Snohomish County Clerk's Office in February 2023 does not explain Defendants' failure to attempt to extend Plaintiffs' judgment prior to its expiration months earlier, in October 2022. Nor does it convert all subsequent attempts to collect on that expired judgment into mere unintentional and bona fide errors.

As to the third factor, Defendants argue that the "procedures" they maintained to avoid the error included "engaging in debt-collection litigation in Washington state courts." Dkt. # 40 at 12. However, as Plaintiffs note, "[t]his is true of every debt collector that files lawsuits." Dkt. # 39 at 9. Defendants fail to explain how these "procedures," which are more fairly characterized as ordinary-course business activities, were specifically maintained and reasonably adapted to avoid the specific errors at issue, and instead offer a "mere assertion" to that effect. *Reichert*, 531 F.3d 1006–07. Also unavailing is the note from Snohomish County Clerk's Office, which Defendants cite as a procedural example of their efforts to "remain[] up-to-date with interpretations of state law by state courts and state officials." Dkt. # 40 at 12. As previously discussed, this evidence arguably damages Defendants' claim to the maintenance and implementation of specific procedures, because it illustrates the inconsistency of their processes in different cases (*i.e.*, moving to extend a judgment in one case, while purportedly relying on its transcription in superior court in another).

b. Commercial Debt Defense

Defendants separately argue that the Court should enter summary judgment in their favor on Counts I and II because the loan underlying the October 2012 judgment was "not primarily for personal, family, or household purposes" and Plaintiffs' claims are therefore not governed by the FDCPA. Dkt. # 40 at 8–9 (citing *Bloom v. I.C. System, Inc.*, 972 F.2d 1067, 1068 (9th Cir. 1992); 15 U.S.C. § 1692(a)(5)). Instead, Defendants argue that the loan was "a business loan used to purchase a number of rental and investment properties." *Id.* at 2. Defendants rely on deposition testimony from Plaintiff Darren Lucianna indicating that the underlying debt related to large real estate transactions. Dkt. # 41-1 at 2. However, as Plaintiffs note, Defendants' garnishment writs related to the judgment included classifications that the underlying debt was a

"consumer debt." Dkt. # 43-2 at 7, 11, 16. Defendants, as the movants for summary judgment, bear the burden of showing that there is no genuine dispute regarding the nature of the underlying debt. *Celotex Corp.*, 477 U.S. at 323. They fail to satisfy this burden.

c. <u>Emotional Distress Damages</u>

Finally, Defendants seek entry of summary judgment on the issue of damages. Specifically, Defendants argue that the Court should preclude Mr. Lucianna from claiming emotional distress damages because his deposition testimony suggests that his emotional distress arose from the underlying debt, not from Defendants' efforts to collect on the judgment following its expiration. Dkt. # 40 at 12–17. The Court's review of the record, however, indicates that at least some of Mr. Lucianna's testimony regarding emotional distress linked that distress to Defendants' attempts to garnish Plaintiffs' wages after October 2022, in addition to the preexisting stress arising from Defendants' prior collection efforts. *See* Dkt. # 41-1 at 3 (testifying to fear of "constant fear" of, *inter alia*, "having . . . any wages garnished"). In addition, immediately after confirming that he contacted his attorney after receiving garnishment paperwork in 2024, Mr. Lucianna testified to continuing "anxiety and stress over the collection activities" of Defendants, including through the date of his deposition. *Id.* at 6. He then explained the root of his anxiety as follows: "[I]n the judgment that you see there, it's been an ongoing plus per day rate estimated interest of $12.67, so in my mind everyday [*sic*] that this is not resolved is another $12.67." *Id.* Mr. Lucianna's testimony, taken as whole, could lead a factfinder to determine that his emotional distress arose—at least in part—from Defendants' efforts to collect on the 2012 judgment after October 2022. *See, e.g.*, *Johnson v. Hale*, 13 F.3d 1351, 1352 (9th Cir. 1994) (emotional distress damages may be awarded based upon testimony or appropriate inference from the circumstances).

Based on the foregoing analysis, the Court concludes that Plaintiffs' Motion should be granted as to liability on Count 1 and Count 2, and Defendants' Motion should be denied in its entirety.

**C. WCAA and CPA Claims (Counts 3 and 4)**

Plaintiffs assert a WCAA claim premised on RCW 19.16.250, which, *inter alia*, prohibits debt collectors from attempting to collect "in addition to the principal amount of a claim any sum other than allowable interest, collection costs or handling fees expressly authorized by statute, and, in the case of suit, attorney's fees and taxable court costs." RCW 19.16.250(21). "By attempting to collect on an expired judgment," Defendants "attempted to collect amounts not 'expressly authorized by statute,'" violating the WCAA. *Mease*, 741 F.Supp.3d at 914 (citing RCW 19.16.250(21)). Accordingly, the Court concludes that Plaintiffs are entitled to summary judgment as to liability on Count 3.

The WCAA is enforced through the CPA. *See* RCW 19.16.440. Violations of the CPA require a plaintiff to establish "five distinct elements: (1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 780, 719 P.2d 531 (1986). Violations of the FDCPA or the WCAA satisfy the first three elements of a CPA claim. *Panag v. Farmers Ins. Co. of Washington*, 166 Wn.2d 27, 53–54, 204 P.3d 885 (2009). Here, as discussed, Plaintiffs have demonstrated that Defendants violated the FDCPA and WCAA.

Accordingly, the only remaining elements are injury and causation. Plaintiffs retained an attorney following receipt of the January 2024 writ of garnishment, which by itself is sufficient to demonstrate injury under the CPA. *See Panag*, Wn.2d at 62

("Consulting an attorney to dispel uncertainty regarding the nature of an alleged debt" is sufficient to show injury). And Defendants do not address (nor could they reasonably dispute) that their collection efforts were the cause of this injury. *See generally* Dkt. # 36. Accordingly, the Court concludes that Plaintiffs are entitled to summary judgment as to liability on Count 4.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion for Partial Summary Judgment, Dkt. # 32, and **DENIES** Defendants' Motion for Partial Summary Judgment, Dkt. # 40.

Dated this 23rd day of September, 2026.

The Honorable Richard A. Jones
United States District Judge